1 **CUSTODIO & DUBEY, LLP**
  Robert Abiri (SBN 238681)
2 445 S. Figueroa Street, Suite 2520
  Los Angeles, CA 90071
3 Telephone: (213) 593-9095
  Facsimile: (213) 785-2899
4 E-mail: abiri@cd-lawyers.com

5
  *Attorneys for Plaintiff and the Putative*
6 *Classes*

7

8           **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
9

10
   MARIA MENDEZ WHITAKER, on          | CASE NO.: 2:22-cv-04732
11 behalf of herself and all others similarly
   situated,                           | **CLASS ACTION COMPLAINT**
12
13                Plaintiff,
14                                      | **DEMAND FOR JURY TRIAL**
       v.
15
16 PHARMAVITE LLC,

17                Defendants.

18

CLASS ACTION COMPLAINT

Plaintiff Maria Mendez Whitaker ("Plaintiff"), on behalf of herself and all others similarly situated, brings this class action against Pharmavite LLC ("Defendant") based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

## SUMMARY OF THE ACTION

1. This class action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of its Nature Made® Extra Strength Chewable Vitamin C products (the "Products").

2. Specifically, Defendant has falsely and deceptively labeled the Products as being "Extra Strength." Based on this representation, reasonable consumers are led to believe that each tablet contained in the Products has a higher dose of Vitamin C than each tablet contained in Defendant's Nature Made® ***regular strength*** chewable Vitamin C products (the "Regular Strength Products").

3. Unbeknownst to consumers, the Products do not have a higher dose of Vitamin C per tablet than the Regular Strength Products. As such, the Products are not "Extra Strength" and are therefore falsely and deceptively labeled.

4. Plaintiff and Class members have reasonably relied on Defendant's deceptive labeling of the Products, reasonably believing that each tablet in the Products contains a higher dose of Vitamin C than each tablet of the Regular Strength Products.

5. Plaintiff purchased the Products and paid a premium price based upon her reliance on Defendant's "Extra Strength" representation. Had Plaintiff and Class members been aware that the Products were not in fact "Extra Strength," Plaintiff and Class members would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

# PARTIES

## I. Plaintiff

6. Plaintiff Whitaker is a citizen of California and currently resides in North Hollywood, California. Throughout 2020 to early 2022, Plaintiff purchased the Products from a Sprouts and CVS in Burbank, California. Specifically, Plaintiff last purchased the Products in or around April 2022. In purchasing the Products, Plaintiff saw the "Extra Strength" representation on the front label of the Products and reasonably believed that each tablet in the Products had a higher dose of Vitamin C than each tablet of the Regular Strength Products. Had she known that the Products were not in fact extra strength, she would not have purchased the Products or would have paid substantially less for them.

7. Despite Defendant's misrepresentations, Plaintiff would purchase the Product, as advertised, if they were in fact extra strength. Although Plaintiff regularly shop at stores which carry the Products, absent an injunction on Defendant's deceptive advertising, she will be unable to rely with confidence on Defendant's labeling of the Products in the future. Furthermore, while Plaintiff currently believe that the Products are falsely and deceptively labeled, she lacks personal knowledge as to Defendant's specific business practices, as she will not be able determine whether the Products truly will be extra strength in the future. This leaves doubt in her mind as to the possibility that at some point in the future the Products could be made in accordance with the representation on the front labels. This uncertainty, coupled with her desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading representations. In addition, other Class members will continue to purchase the Products, reasonably but incorrectly, believing that they are extra strength.

## II. Defendant

8. Defendant Pharmavite LLC is a California corporation and maintains its headquarters in West Hills, California. Defendant, on its own and through its agents, is responsible for the formulation, ingredients, manufacturing, labeling, marketing, and sale of the Products in the United States, including in California, specifically in this District. On information and belief, the marketing of the Products, including the decision of what to include on their labels, emanates from Defendant's headquarters in California.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendant's home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

10. This Court has personal jurisdiction over Defendant because Defendant maintains its headquarters in California, conducts and transacts substantial business in California, and intentionally and purposefully placed the Products into the stream of commerce within California

11. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District. Namely, Plaintiff purchased the Products in this judicial District.

## FACTUAL BACKGROUND

12. Defendant is in the business of manufacturing and selling dietary supplements, including its popular Nature Made® brand.

13. The "Products" at issue in this action are the following Nature Made products:

-3-

CLASS ACTION COMPLAINT

   a. Nature Made® Extra Strength Chewable Vitamin C, 60 Tablets; and

   b. Nature Made® Extra Strength Chewable Vitamin C, 90 Tablets.

14. Defendant has engaged in false and deceptive labeling of the Products. Specifically, Pharmavite, directly and/or through its agents, has falsely and deceptively labeled the Products as being "Extra Strength." *See below example*.



15. Based on the "Extra Strength" representation on the front label of the Products, reasonable consumers are led to believe that each chewable tablet contained in the Products has a higher dosage of Vitamin C than each chewable tablet in

-4-

Defendant's Nature Made® regular strength chewable Vitamin C products (the "Regular Strength Products"). An example of the Regular Strength Product is displayed below.



16. Unbeknownst to consumers, an "apples to apples" comparison of the two products demonstrates that the Products do not in any way have a higher dosage of Vitamin C per chewable tablet than the Regular Strength Products. In fact, they are exactly the same.

CLASS ACTION COMPLAINT

17. To get 1000 mg of Vitamin C in the Products, a consumer is required to take two (2) chewable tablets, meaning that each tablet only has 500 mg of Vitamin C. However, each tablet of the Regular Strength Products *also contains only 500 mg of Vitamin C*.

18. Thus, consumers of the Products do not receive a higher dose of Vitamin C in the Products versus the Regular Strength Product.

19. As such, the Products are not "Extra Strength" and are therefore falsely and deceptively labeled.

20. As the entity ultimately responsible for the manufacturing, labeling, and sale of the Products, Defendant is responsible for the accuracy of the information conveyed about the Products, including on their labels.

21. Defendant knew or should have known that the "Extra Strength" representation on the Products is deceptive, and that reasonable consumers would believe that each chewable tablet in the Products has a higher dosage of Vitamin C than each chewable tablet in Defendant's Regular Strength Products.

22. Consumers are injured by the foregoing deceptive labeling because they pay a premium for the Products over the Regular Strength Products based on the "Extra Strength" representation. Indeed, based on a preliminary comparative analysis of market prices for the Products and the Regular Strength Products in June 2022 (*see* Table 1 below), the Products consistently command a price premium per serving and per bottle e*ven though they do not provide any additional benefit compared to the Regular Strength Products.*

Table 1.

| Retailer | Price for 150 tablet Regular Strength Product | Price per 1000mg dose of Regular Strength Product (75 doses) | Price for 90 tablet Extra Strength Product | Price per 1000mg dose of Extra Strength Product (45 doses) | Premium Per 1000mg Serving of Extra Strength Product | Premium Per Bottle of Extra Strength Product |
|---|---|---|---|---|---|---|
| Vitacost.com | $15.49[1] | $.21 | $11.31[2] | $.25 | $.04 | $1.80 ($.04 x 45 doses) |
| CVS.com | $23.49[3] | $.31 | $15.99[4] | $.36 | $.05 | $2.25 ($.05 x 45 doses) |
| Amazon.com | $16.99[5] | $.23 | $12.59[6] | $.28 | $.05 | $2.25 ($.05 x 45 doses) |

---

[1] https://www.vitacost.com/nature-made-chewable-c-orange (last visited June 28, 2022).

[2] https://www.vitacost.com/nature-made-chewable-vitamin-c-extra-strength (last visited June 28, 2022).

[3] https://www.cvs.com/shop/nature-made-vitamin-c-chewable-tablets-500mg-prodid-1070779 (last visited June 28, 2022).

[4] https://www.cvs.com/shop/nature-made-extra-strength-chewable-vitamin-c-1000mg-tablets-90-ct-prodid-650456 (last visited June 28, 2022).

[5] https://www.amazon.com/Nature-Made-Chewable-Vitamin-500/dp/B018EAP21O/ref=sr_1_1_sspa?keywords=nature+made+vitamin+c+chewable&qid=1655444721&s=hpc&sprefix=nature+made+vitamin+c+che%2Chpc%2C140&sr=1-1-spons&psc=1&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUExQ1M5VDZUTUlQQU1UJmVuY3J5cHRlZElkPUEwNDY3Mjc1NzdVUzIyNUs5QzdYJmVuY3J5cHRlZEFkSWQ9QTA4NTIxNDJT1FXRkhBUUZHVzUmd2lkZ2V0TmFtZT1zcF9hdGYmYWN0aW9uPWNsaWNrUmVkaXJlY3QmZG9Ob3RMb2dDbGljaz10cnVl (last visited June 28, 2022).

[6] https://www.amazon.com/Nature-Made-Strength-Chewable-Antioxidant/dp/B08FNG91XM/ref=sr_1_4?keywords=nature+made+vitamin+c+chewable&qid=1655444721&s=hpc&sprefix=nature+made+vitamin+c+che%2Chpc%2C140&sr=1-4 (last visited June 28, 2022).

CLASS ACTION COMPLAINT

| | | | | | | |
|---|---|---|---|---|---|---|
| Naturemade.com | $20.49[7] | $.27 | $14.69[8] | $.33 | $.06 | $2.70 ($.06 x 45 doses) |
| Target.com | $21.99[9] | $.29 | $15.89[10] | $.35 | $.06 | $2.70 ($.06 x 45 doses) |

23. Had Plaintiff been aware that the Products were not extra strength, she would have purchased a different product, or paid significantly less for the Products. As such, Plaintiff and members of the putative Classes have been injured.

24. Plaintiff and members of the putative Classes were exposed to and justifiably relied upon the same material misrepresentation and suffered injury during the class period because: (1) each of the Products was labeled as "Extra Strength;" and (2) each of the Products was not extra strength when compared to the Regular Strength Products.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this matter on behalf of herself and those similarly situated. Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiff seeks to represent the following class:

> All residents of the United States who purchased either of the Products for personal, family, or household consumption and not for resale within the applicable statute of limitation period ("Nationwide Class").

---

[7] https://www.naturemade.com/products/chewable-vitamin-c-500-mg?variant=17895377567815 (last visited June 28, 2022).

[8] https://www.naturemade.com/products/nature-made-extra-strength-vitamin-c-1000-mg-chewables?variant=34272481443979 (last visited June 28, 2022).

[9] https://www.target.com/p/nature-made-chewable-vitamin-c-500-mg-tablets-150ct/-/A-10994372#lnk=sametab (last visited June 28, 2022).

[10] https://www.target.com/p/nature-made-chewable-c-1000mg-tablets-90ct/-/A-80377808#lnk=sametab (last visited June 28, 2022).

26. Additionally, as further described herein, Plaintiff brings claims based upon state consumer protection laws on behalf of the following state class:

> All residents of California who purchased either of the Products for personal, family, or household consumption and not for resale within the applicable statute of limitation period ("California Class").

27. The Nationwide Class and the California Class are referred to collectively as the "Classes."

28. Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

29. Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

30. **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records. At a minimum, there likely are tens of thousands of Class members.

31. **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

   a. whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;
   b. whether reasonable consumers would likely be deceived by the Products' labeling;

    c. whether Defendant knew or should have known its representations were false or misleading;

    d. whether Defendant was unjustly enriched by retaining monies from the sale of the Products;

    e. whether certification of each Class is appropriate under Rule 23;

    f. whether Plaintiff and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

    g. the amount and nature of the relief to be awarded to the Plaintiff and the Class, including whether Plaintiff and the Class are entitled to punitive damages.

32. **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Product. Plaintiff and the members of the Classes relied on the representation made by the Defendant about the Products prior to purchasing the Product. Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

33. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

34. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is

required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

35. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

36. **Declaratory and Injunctive Relief:** Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless a class-wide injunction is issued, Defendant will continue to advertise, market, promote, and sell the Products in an unlawful and misleading manner, as described throughout this Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights under the law.

37. Defendant has also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

//

//

-11-

CLASS ACTION COMPLAINT

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq.***
**(*on behalf of the Nationwide Class; or, in the alternative, on behalf of the California Class*)**

38. Plaintiff repeats and realleges Paragraphs 1-37 as if fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of the Nationwide Class. In the alternative, Plaintiff brings this claim individually and on behalf of the California Class.

40. Defendant's conduct constitutes violations under the California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA").

41. Defendant's conduct falls within the meaning of this statute because it caused transactions to occur resulting in the sale or lease of goods to consumers – namely, the sale of the Products. The Products are considered to be "goods" within the meaning of the statute under Cal. Civil Code 1761(a).

42. Plaintiff and members of the Classes are "consumers" pursuant to the statute.

43. Defendant violated the CLRA by way of the following provisions:

   a. Representing that the Products have "characteristics" (i.e., are "Extra Strength") which they do not have, in violation of Cal. Civ. Code § 1770(a)(5);

   b. Representing that the Products are of a particular "standard" (i.e., are "Extra Strength") when they are not that standard, in violation of Cal. Civ. Code § 1770(a)(7); and

   c. Advertising the Products with the "intent not to sell [it] as advertised" in violation of Cal. Civ. Code § 1770(a)(9).

44. As the entity responsible for the manufacturing, labeling, and advertising of the Products, Defendant is aware the claim "Extra Strength" is misleading and will mislead a reasonable consumer.

45. Due to Defendant's conduct, Plaintiff and members of the Classes suffered economic injury in that they paid more of the Products than they otherwise would have had they known the truth.

46. Pursuant to the provisions of Cal. Civ. Code § 1782(a), on February 7, 2022, Defendant received a letter via certified mail, return receipt requested, providing notice to Defendant of its alleged violations of the CLRA, and demanding that Defendant correct such violations. The letter was sent on behalf of all purchasers of the Products during the class period. Because more than 30 days has passed since Defendant received the notice, and Defendant has yet to cure its violations, Plaintiff brings this claim for damages under the CLRA.

47. Plaintiff and members of the Classes therefore seek damages, reasonable attorneys' fees and costs, and all other available relief as pleaded in this Complaint and available under the CLRA.

### SECOND CLAIM FOR RELIEF
**Violation of California's False Advertising Law ("FAL")**
**California Business & Professions Code § 17500**, *et seq*
(*on behalf of the Nationwide Class; or, in the alternative, on behalf of the California Class*)

48. Plaintiff repeats and realleges Paragraphs 1-37 as if fully set forth herein.

49. Plaintiff brings this claim individually and on behalf of the Nationwide Class. In the alternative, Plaintiff brings this claim individually and on behalf of the California Class.

50. The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue

or misleading." Cal. Bus. & Prof. Code § 17500.

51. Defendant violated the FAL by publicly disseminating misleading and false advertisements for the Products through the labeling of the Products as "Extra Strength."

52. Defendant's false and misleading representation was made in order to increase sales of the Products.

53. Plaintiff and members of the Classes would not have bought the Products, or would have paid considerably less for them, had they known that the representation was false and misleading.

54. Plaintiff and Class members seek an order requiring Defendant to: (a) make full restitution for all monies wrongfully obtained; and (b) disgorge all ill-gotten revenues and/or profits. Plaintiff also seeks all other available relief as pleaded in this Complaint.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200,** *et seq.*
***(on behalf of the Nationwide Class; or, in the alternative, on behalf of the California Class)***

55. Plaintiff repeats and realleges Paragraphs 1-37 as if fully set forth herein.

56. Plaintiff brings this claim individually and on behalf of the Nationwide Class. In the alternative, Plaintiff brings this claim individually and on behalf of the California Class.

57. Plaintiff and Defendant are "persons" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201.

58. The UCL defines unfair competition to include any "unlawful, unfair or fraudulent business act or practice," as well as any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. Prof. Code § 17200.

59. In the course of conducting business, Defendant engaged in "unlawful" business practices by violating Cal. Civ. Code § 1770, Cal. Bus. & Prof. Code § 17500, and the other laws referenced herein.

60. As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Classes.

61. Defendant's foregoing business practices are also "unfair" under the UCL, which states that unfair acts are acts where the reasons, justifications and motivations of Defendant are outweighed by the harm to Plaintiff and other California consumers.

62. A business practice is also considered to be "unfair" if the conduct alleged is immoral, unethical, oppressive, or substantially injurious to consumers; as well as if the conduct alleged causes an injury which is not outweighed by any benefits to other consumers or to competition, and that the injury is of the type that the consumer could not have avoided. Defendant's conduct is "unfair" pursuant to the UCL under each of the three tests described in these paragraphs.

63. Defendant's behavior constitutes unfair business practices under California law.

64. Defendant's retention of Plaintiff's and Class member's payments for the Products outweighs the economic harm that said retention imposes on consumers. The only party that benefits is Defendant. Defendant's sale of the Products with the "Extra Strength" misrepresentation discussed herein are immoral, unethical, oppressive, and substantially injures consumers.

65. Plaintiff and members of the Classes had no way of knowing that the Products were not in fact "Extra Strength." As Defendant continues to unfairly retain Plaintiff's and members of the Classes' payments for the Products, this conduct continues to be unfair under California law. This is exactly the type of

unscrupulous and inexcusable business practice that the UCL was enacted to address.

66. Defendant's representations are also "fraudulent" under the UCL because they have the effect of deceiving consumers into believing that the Products are "Extra Strength" when they are not.

67. Defendant knew, or should have known, its material misrepresentation would be likely to deceive and harm the consuming public and result in consumers making payments to Defendant under the false impression about the Products.

68. As a result of Defendant's conduct, Plaintiff and members of the Classes have suffered injury-in-fact by paying more for the Products than they would have. Plaintiff requests that the Court issue sufficient equitable relief to restore her and members of the Classes to the position they would have been had Defendant not engaged in unfair business practices.

69. Plaintiff and members of the Classes seek an order requiring Defendant to: (a) make full restitution for all monies wrongfully obtained; and (b) disgorge all ill-gotten revenues and/or profits. Plaintiff also seeks all other available relief as pleaded in this Complaint.

**FOURTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
(*on behalf of the Nationwide Class; or, in the alternative, on behalf of the California Class*)

70. Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

71. Plaintiff brings this claim individually and on behalf of the Nationwide Class. In the alternative, Plaintiff brings this claim individually and on behalf of the California Class.

72. As alleged herein, Defendant has intentionally and recklessly made a misleading representation to Plaintiff and members of the Classes to induce them to purchase the Products. Plaintiff and members of the Classes have reasonably relied

on the misleading representation and have not received all of the benefits (i.e., an extra strength product) promised by Defendant. Plaintiff and members of the proposed Classes have therefore been induced by Defendant's misleading and deceptive representations about the Products, and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

73. Plaintiff and members of the proposed Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the proposed Classes.

74. The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the proposed Classes—i.e., Plaintiff and members of the proposed Classes did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them.

75. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the proposed Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully pray for following relief:

A. Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiff as Class representative, and appointment of their counsel as Class counsel;

B. A declaration that Defendant's actions, as described herein, violate the claims described herein;

C. An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the proposed Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful act described above;

D. An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E. An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

F. An award of nominal, punitive, and statutory damages;

H. An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

I. An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

J. For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the proposed Classes, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: July 11, 2022            **CUSTODIO & DUBEY, LLP**

By:   /s/ Robert Abiri
      Robert Abiri

*Attorneys for Plaintiff and the Putative Classes*